180-08/PJG/DPM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
CHANGJIANG SHIPPING (GROUP) PHOENIX CO. LTD. and
SHANGHAI CHANGJIANG SHIPPING CORP.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Peter J. Gutowski (PG 2200)
Don P. Murnane, Jr. (DM 3639)

JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 3168

-----------------------------------------------------------x
CHANGJIANG SHIPPING (GROUP) PHOENIX
CO. LTD. and SHANGHAI CHANGJIANG
SHIPPING CORP.,

            Plaintiffs,

  -against-

CHERNOMORNEFTEGAZ TECHNICAL FLEET
AND UNDERWATER TECHNICAL WORK
ADMINISTRATION,

            Defendant.
-----------------------------------------------------------x

08 CIV. _____ ( )

**VERIFIED COMPLAINT**

MAR 28 2008
U.S.D.C. S.D.N.Y.
CASHIERS

     Plaintiffs CHANGJIANG SHIPPING (GROUP) PHOENIX CO. LTD. and SHANGHAI CHANGJIANG SHIPPING CORP., by their attorneys Freehill Hogan & Mahar, LLP, as and for their Verified Complaint against Defendant CHERNOMORNEFTEGAZ TECHNICAL FLEET AND UNDERWATER TECHNICAL WORK ADMINISTRATION ("CTFUTWA"), allege upon information and belief as follows:

### JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for damages arising from a collision in the territorial waters of the Hong Kong Special Administrative Region of the People's Republic

NYDOCS1/301335.1

of China. The case thus falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.*

## PARTIES

2. At all times relevant hereto, Plaintiff CHANGJIANG SHIPPING (GROUP) PHOENIX CO. LTD. was and still is a foreign business entity organized and existing under the laws of a foreign country, with a registered office and place of business at Huijiang Building, 39 Mingquan Road, Wuhan City, Hubei Province, China and is the registered owner of the vessel M/V YAO HAI.

3. At all times relevant hereto, Plaintiff SHANGHAI CHANGJIANG SHIPPING CORP. was and still is a foreign business entity organized and existing under the laws of a foreign country, with a registered office and place of business at Huijiang Building, 39 Mingquan Road, Wuhan City, Hubei Province, China and is the manager of the vessel M/V YAO HAI.

4. At all times relevant hereto, Defendant CTFUTWA was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at Pr. Kirova/Per Sovnarkomovskiy 52/1 Simferopol, Crimea, Ukraine and the owner of the ocean-going tugboat NEFTEGAZ 67.

## NATURE OF THE CLAIMS

5. On or about March 22, 2008 the M/V YAO HAI and the NEFTEGAZ 67 collided in the territorial waters of the Hong Kong Special Administrative Region of the People's Republic of China, north of Hong Kong's outlying Lantau Island.

6. As a consequence of the above-referenced collision, Plaintiffs have suffered damages caused by the negligence of the Defendants, its servants or agents, in their failure to

properly complied with all relevant navigational rules including but not limited to the provisions of the Convention on the International Regulations for the Prevention of Collisions at Sea (1972), as amended and applicable in the territorial waters of the Hong Kong Special Administrative Region of the People's Republic of China.

7. As a result of the aforesaid collision, Plaintiffs have suffered damages and/or will face additional exposure for, *inter alia,* physical damage to the vessel M/V YAO HAI (presently estimated at $4 million); loss of use, incidental expenses relating to survey, drydocking and repair of the vessel ($1.1. million), exposure for injury and death claims (estimated at $9 million), pollution costs and other losses ($1 million) as nearly as can be estimated, for a total of $14,100,000. Plaintiffs reserve the right to amend this Complaint to adjust the quantum of its claims as additional information becomes available and to amend to incorporate any further or additional types of damages as yet not readily apparent.

## RELIEF SOUGHT

8. Defendant CTFUTWA has issued proceedings in the High Court of the Hong Kong Special Administrative Region by arresting the M/V YAO HAI. Plaintiffs will soon commence legal proceedings against Defendant in Hong Kong under admiralty court action number HCAJ45/2008. Plaintiffs and Defendant have agreed that Hong Kong law and jurisdiction will apply and govern the adjudication of the merits of the parties' collision claims.

9. This action is brought to obtain security in favor of Plaintiffs in respect to their damage claims against CTFUTWA, plus interest and Plaintiffs' anticipated attorneys' fees and costs in the Hong Kong litigation, all of which are recoverable as part of the Plaintiffs' main claims under the law to be applied by the Hong Kong court.

10. After investigation, Defendant CTFUTWA cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiffs are informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant including but not limited to the proceeds of a certain hull policy of marine insurance on the NEFTEGAZ 67 which payment may or may not reference the Defendant, as may be held, received or transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein,.

11. In addition to the damage claims described in paragraph 7 above ($14,1000,000), Plaintiffs also seeks security for interest in the amount of $5,071,411.90, calculated on the above sum at the rate of 7.75% per annum, compounded quarterly, for four years, the estimated time it will take to obtain judgment in Hong Kong, plus legal fees and court costs that will be incurred by Plaintiffs in respect to the Hong Kong litigation which are recoverable pursuant to Hong Kong law and are estimated by Plaintiffs' Hong Kong solicitors in the sum of $2,500,000.00.

12. Based upon the foregoing, the total amount Plaintiffs seek to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$21,671,411.90.**

W H E R E F O R E, Plaintiffs pray:

   a. That process in due form of law according to the practice of this Court may issue against Defendant CTFUTWA, citing it to appear and answer the foregoing;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$21,671,411.90.** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant including but not limited to the proceeds of a certain hull policy of marine insurance on the NEFTEGAZ 67 which payment may or may not reference the Defendant, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein;

c. That the Court retain jurisdiction of this matter for purposes of entry of judgment on any judgment which may be issued in the Hong Kong action or any other judgment which may be entered by a court of competent jurisdiction and execution thereon against any assets retrained by virtue of this action; and

d. That Plaintiffs have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
       March 28, 2008

                                FREEHILL HOGAN & MAHAR, LLP
                                Attorneys for Plaintiffs

                                By: _____
                                    Peter J. Gutowski (PG 2200)
                                    Don P. Murnane, Jr. (DM 3639)
                                    80 Pine Street
                                    New York, NY 10005

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

Peter J. Gutowski, being duly sworn, deposes and says:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiffs in this action. I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and its Hong Kong solicitors and documents provided by our client and its Hong Kong solicitors regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiffs is because the Plaintiffs are foreign entities, none of whose officers are presently within the State of New York.

_____
Peter J. Gutowski. (pg 2200)

Sworn to before me this
29 th day of March, 2008

_____
NOTARY PUBLIC

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009