4

180-08/PJG/DPM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
CHANGJIANG SHIPPING (GROUP) PHOENIX CO.
LTD. and
SHANGHAI CHANGJIANG SHIPPING CORP.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Peter J. Gutowski (PG 2200)
Don P. Murnane, Jr. (DM 3639)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHANGJIANG SHIPPING (GROUP) PHOENIX
CO. LTD. and SHANGHAI CHANGJIANG
SHIPPING CORP.,

              Plaintiffs,

  -against-

CHERNOMORNEFTEGAZ TECHNICAL FLEET
AND UNDERWATER TECHNICAL WORK
ADMINISTRATION,

              Defendant.
------------------------------------------------------------------x

JUDGE STEIN

08 CV 3168

08 CIV _____ ( )

**MOLINA AFFIDAVIT
PURSUANT TO RULE
B(1) AND IN SUPPORT
OF ORDER
APPOINTING PERSON
TO SERVE PROCESS
PURSUANT TO RULE
4(c) AND DEFINING
SCOPE OF SERVICE**

State of New York  )
                         ) ss.:
County of New York )

    MANUEL A. MOLINA, being duly sworn, deposes and says as follows:

    1.    I am a member of the Bar of the United States District Court, Southern District of New York, admitted to practice before this Court and I am an associate of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiffs herein.

    2.    This Affidavit is submitted pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure (see paragraphs 3-4, below) and in support of Plaintiffs' application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure (see paragraphs 5-9, below).

**DEFENDANT IS NOT FOUND WITHIN THE SDNY**

3.     Deponent has made an investigation and deponent believes that, based upon the results of this investigation, the Defendant CHERNOMORNEFTEGAZ TECHNICAL FLEET AND UNDERWATER TECHNICAL WORK ADMINISTRATION is a corporation or other business entity that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a)     Deponent contacted the office of the New York Department of State, Division of Corporations on March 28, 2008, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant and the search results indicated that Defendant is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(b)     Deponent consulted with Directory Assistance for New York on March 28, 2008 for area codes (212), (347), (718), (917), (646), (914), (516) and (845) and no listing for the Defendant was located;

(c)     Deponent, on March 28, 2008, reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2007 Edition (Vol. 1 New York Metropolitan Area) and no listing was found for the Defendant;

(d)     Deponent accessed on March 28, 2008, through Microsoft Internet Explorer and the Yahoo! search engine the yellow pages telephone directory database as well as the MSN yellow pages database and found no listing in those databases for any offices or agent of the Defendant within this District;

(e) Deponent is unaware of any general or managing agent(s) within this District for the Defendant;

4. Based upon the foregoing, your deponent submits that the Defendant cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendant, as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

## REQUEST FOR ORDER APPOINTING SPECIAL PROCESS SERVER

5. Plaintiffs also apply, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Manuel A. Molina, Jan Gisholt, Barbara Carnevale, Pamela Schultz, Daniel Fitzgerald, Michael Elliott, Susan Lee, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as upon any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the Defendant.

6. Plaintiffs are desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that they will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiffs against the Defendant.

7. To the extent this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property,

there is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respect of the garnishee(s).

8. Plaintiffs also request that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendant within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process simply to name other garnishees.

9. In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, Plaintiffs respectfully seek leave, as embodied in the accompanying Order, for any process served on a garnishee to be deemed effective and continuous throughout any given day on which process is served throughout the next day, provided process is served the next day, to authorize service by facsimile or email following initial service of the process by hand, and to deem such facsimile or email service as being accomplished within this District if such service is transmitted or initiated from within the District.

_____
Manuel A. Molina

Sworn to before me this
28th day of March, 2008

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009